# EXHIBIT 1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts <br> The Superior Court |
|---|---|---|

3/1/2022

| PLAINTIFF(S): | Joanne Walsh | COUNTY | Suffolk |
|---|---|---|---|
| ADDRESS: | 28 Gardner Street, Peabody, Massachusetts 01960 | | |
| | | DEFENDANT(S): | HNTB Corporation |
| ATTORNEY: | Ryan F. Kenny | | |
| ADDRESS: | HKM Employment Attorneys LLP | ADDRESS: | 31 St. James Street, Suite 300, Boston, Massachusetts 02116 |
| 10 High Street, Suite 401, Boston, MA 02110 | | | |
| BBO: | 668572 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination - Age Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO

Is this a class action under Mass. R. Civ. P. 23?    ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................................................................ $_____
  2. Total doctor expenses ............................................................................................................... $_____
  3. Total chiropractic expenses ...................................................................................................... $_____
  4. Total physical therapy expenses .............................................................................................. $_____
  5. Total other expenses (describe below) .................................................................................... $_____
                                                                                                         Subtotal (A): $_____
B. Documented lost wages and compensation to date ................................................................. $ 487,552.00
C. Documented property damages to date ................................................................................... $_____
D. Reasonably anticipated future medical and hospital expenses ............................................... $_____
E. Reasonably anticipated lost wages ........................................................................................... $_____
F. Other documented items of damages (describe below) .......................................................... $_____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

                                                                                                         TOTAL (A-F): $ 487,552.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):

                                                                                                         TOTAL: $_____

Signature of Attorney/ Unrepresented Plaintiff: X  /s/ Ryan Kenny                    Date: 3/1/22

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X  /s/ Ryan Kenny                                  Date: 3/1/22

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY

| | |
|---|---|
| JOANNE WALSH<br><br>    Plaintiff,<br>v.<br><br>HNTB CORPORATION<br><br>    Defendant | SUPERIOR COURT<br><br>CIVIL ACTION NO.<br><br><br>*3/1/2022* |

## COMPLAINT

AND NOW COMES Plaintiff Joanne Walsh ("Plaintiff"), by and through her undersigned counsel, and brings this Complaint seeking legal and equitable relief for age discrimination by Defendant HNTB Corporation ("HNTB" or "Defendant") in violation of the Age Discrimination in Employment Act 29 U.S.C. § 621, *et seq.* and pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Massachusetts Fair Employment Practices Act (M.G.L. c. 151B), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Defendant, HNTB as HNTB is located in Massachusetts and has discriminated and retaliated against Plaintiff and otherwise acted in a tortious manner toward Plaintiff in Massachusetts.

2. The unlawful employment practices and wrongful termination were committed by the Defendant in Suffolk County, where Plaintiff worked for Defendant. Therefore, Suffolk County is the proper venue for the action under M.G.L. c. 233, § 1.

1

## II. PARTIES

3. Plaintiff is a 57-year-old female individual who resides at 28 Gardner Street, Peabody, Massachusetts 01960.

4. At all relevant times hereto, Defendant HNTB is an infrastructure design firm, authorized to do business under the laws of the Commonwealth of Massachusetts, and is an employer as defined by M.G.L. c. 151B § 1 with a facility located at 31 St. James Street, Suite 300, Boston, Massachusetts 02116.

## III. FACTS

5. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

6. On or around January 31, 1994, Plaintiff was hired by HNTB as a Computer Support Analyst and eventually promoted to a Technology Support Representative II ("TSR II.")

7. During Plaintiff's nearly 26-year career at HNTB, she performed all job functions, roles and responsibilities in at least a satisfactory manner, and having never received a negative performance evaluation, letter of concern, or disciplinary action except when she was placed on a Performance Improvement Plan ("PIP") by Defendant in retaliation for not demonstrating interest in a new position of a TSR III.

8. In Plaintiff's 2016 performance review with her then supervisor, Kevan Welsh ("Mr. Welsh") she was made aware that the position of TSR III was open for her division. During this review, Mr. Welsh informed Plaintiff of the requirements for that job. Plaintiff explained she was very happy in her current position of TSR II and was not interested in the TSR III position. Despite her lack of interest in the TSR III position, Mr. Welsh set this position as a goal for Plaintiff.

2

9. Shortly after the review in 2016, Defendant began to retaliate against Plaintiff and discriminate against her because of her age after she failed to show interest in the TSR III position.

10. Mr. Welsh informed Plaintiff that because of "how long [she] had been with the company that [she] was at the top of her salary range." Ms. Walsh later learned from her new Direct Supervisor, James Clark, that she was not at the top of her salary range.

11. Mr. Welsh further informed Plaintiff that she would be unable to receive any additional raises unless she accepted the TSR III position.

12. Following Plaintiff's rejection of the TSR III position goal on her performance review, HNTB stopped issuing Ms. Walsh her annual merit increases even though she had received an annual merit increase every year from 1994 through 2015.

13. In April 2019, Plaintiff's Direct Supervisor James Clark, came to the Boston office location in order to conduct Plaintiff's annual review. Plaintiff's review in April 2019 was positive. Plaintiff was told by Mr. Clark that she was well respected, worked hard and to keep up the good work.

14. As such, it came as a complete surprise to Plaintiff when she was placed on a PIP in August of 2019 without any warning.

15. The PIP not only contained mostly fabricated accusations, but it was not written in a way that could be measured or completed, and the PIP reviews did not provide any feedback, assistance, or guidance for the improvements Defendant claimed were needed.

16. Ms. Walsh was clearly targeted and subjected to a hostile work environment because she was in her 50s and had been with HNTB in almost the same position for over 25 years.

17. Even though she was not at the top of her pay scale for her position, many in upper IT management felt that she was overpaid.

18. Ms. Walsh consistently received excellent annual reviews and high praise from end users. In 2020, the internal reviews suddenly turned negative when HNTB decided Ms. Walsh needed to take a new position or move on from HNTB.

19. Ms. Walsh was told by her Division IT Manager, Dan Vealey on multiple occasions that HNTB "wasn't getting their money's worth" because Plaintiff had been at HNTB "so long." He further told Plaintiff that HNTB "was not getting their return on their investment" because of the amount of time Plaintiff had been at the company in essentially the same position.

20. Mr. Vealey informed Ms. Walsh that "[She] was overpaid as a TSR II as they could get new younger hires much cheaper."

21. Both Mr. Vealey and Mr. Clark went out of their way to sabotage many of the projects Ms. Walsh was working on in an effort to discredit her performance.

22. During her annual review in 2020, Mr. Vealey fabricated a goal from the previous year's review and claimed she failed to meet this goal and gave her an unsatisfactory review.

23. In addition to Ms. Walsh, HNTB has a history of forcing older employees to resign by making the workplace so hostile, it is no longer possible to work at the Company.

24. Ms. Walsh continued to work to the best of her ability, but due to the age discrimination campaign being run to discredit her, belittle her, and remove all respect by intense micromanaging, Plaintiff could no longer continue working at HNTB and was constructively terminated on September 11, 2020.

25. As a 57-year-old, Plaintiff planned to work a minimum of ten (10) additional years at HNTB.

26. HNTB's decision to place Plaintiff on a PIP was driven by discriminatory reasons and was based on Plaintiff's age.

4

27. Upon information and belief, Defendant hired an individual substantially younger and less qualified person to fill Plaintiff's job once she was constructively discharged.

28. As such, the inconsistencies and contradictions surrounding Defendant's pretextual, discriminatory reasons for placing Plaintiff on a PIP establish the existence of a violation against Plaintiff with respect to the constructive discharge due to Plaintiff's age.

29. Defendant's aforementioned conduct, disparate treatment and constructive discharge of Plaintiff constitute discrimination based on age in violation of 29 U.S.C. § 621, *et seq.* and M.G.L. c. 151B.

30. Plaintiff is in a protected class under the 29 U.S.C. § 621, *et seq.* and M.G.L. c. 151B at the time the acts of discrimination occurred.

31. At all relevant times hereto, Defendant acted or failed to act by and through its duly authorized agents, servants, and employees, who conducted themselves within the scope and course of their employment.

### IV. PROCEDURAL REQUIREMENTS

32. Plaintiff timely exhausted her administrative remedies by filing a charge against Defendant on July 2, 2021, with the United States Equal Employment Opportunity Commission ("EEOC") Charge No. 523-2021-01705 and dual filing with the Massachusetts Commission Against Discrimination ("MCAD.")

33. On December 8, 2021 the EEOC mailed Plaintiff a Dismissal and Notice of Rights letter (the "Right to Sue" letter) advising her of the right to bring this action. Plaintiff has filed the instant suit within 90 days of receipt of the Right to Sue letter.

34. M.G.L. c. 151B § 9 authorizes Plaintiff to bring this private civil action as Plaintiff filed a formal Charge of Discrimination against the Defendant within the statutory three hundred

(300) day period, and as ninety (90) days have passed since Plaintiff filed such Charge of Discrimination.

## V. CLAIMS FOR RELIEF

### Count I
### Discrimination on the Basis of Age in Violation of M.G.L. c. 151B

35. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein at length.

36. Plaintiff is a 57-year-old woman who was 56 years old at the time she was constrictively terminated by Defendant. She is a member of the protected age class.

37. At all times relevant, Plaintiff was older than the majority of the employees in her department.

38. At all relevant times, Plaintiff was qualified for her position and performed her job satisfactorily.

39. Upon information and belief, Defendant treated Plaintiff differently than the similarly situated younger employees.

40. Upon information and belief, the Defendant placed Plaintiff on a meritless PIP because of Plaintiff's age and because of Plaintiff's duration with the Company.

41. Upon information and belief, the Defendant has substantially limited Plaintiff's job opportunities since her constructive termination.

42. The actions of Defendant towards Plaintiff were extreme and outrageous, driven by the evil motive of Defendant and their reckless indifference to Plaintiff's rights. Based on the egregiousness of Defendant's actions, Plaintiff is entitled to an award of punitive damages

43. As a result of the foregoing, Plaintiff has in the past, and will in the future, suffer harm and damages, including, but not limited to loss of wages and other benefits, loss of professional opportunities and development, harm to her reputation, considerable emotional distress, humiliation, stress and anxiety, pain and suffering, other pecuniary and nonpecuniary losses, punitive damages, attorneys' fees, and costs.

44. The foregoing misconduct by Defendant against Plaintiff were undertaken with malice and/or reckless indifference to her federally protected right to be free from age discrimination in Violation of M.G.L. c. 151B and 29 U.S.C. § 621, *et seq.*

## Count II
## Discrimination on the Basis of Age in Violation of 29 U.S.C. § 621-634 (ADEA)

45. Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-44 above.

46. The adverse action taken by the Defendant against the Plaintiff was based upon Plaintiff's age and was consistent with Defendant's intent to move the Plaintiff off its' workforce and to replace her with a younger employee.

47. Defendant's actions are in violation of 29 U.S.C. § 621-634.

48. As a result of Defendant's wrongful conduct in violation of federal statute, Plaintiff had lost significant compensation.

## Count III
## Breach of Covenant of Good Faith and Fair Dealing

49. Plaintiff repeats and re-alleges each of the allegations contained in Paragraphs 1-48 above.

50. Defendant had an obligation of good faith and fair dealing to the Plaintiff.

51. Defendant failed to honor that obligation of good faith and fair dealing when it took action against the Plaintiff which, among other things, caused her to lose compensation.

52. As a result of Defendant's wrongful conduct Plaintiff has been damaged.

## VI.     REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Joanne Walsh, respectfully requests that this Court enter relief for the Plaintiff and against Defendant as follows:

A. For damages against the Defendant on Counts I, II and III;

B. For punitive damages, pursuant to M.G.L. c. 151B § 9;

C. For reasonable attorneys' fees, statutory interest and the costs of this action, pursuant to M.G.L. c. 151B § 9; and

D. For such other relief as the Court may deem necessary and proper.

## VII.    JURY DEMAND

The Plaintiff, Joanne Walsh, hereby demands a trial by jury for all counts so triable.

Date:  March 1, 2022                                             Respectfully Submitted,

*/s/ Ryan F. Kenny*
Ryan F. Kenny, Esquire
BBO # 668572
HKM EMPLOYMENT ATTORNEYS LLP
10 High Street, Suite 401
Boston, MA 02110
617-297-2002
rkenny@hkm.com

| Summons | CIVIL DOCKET NO.<br>2284CV00455 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Joanne Walsh<br>Plaintiff(s)<br>vs.<br>HNTB Corporation<br>Defendant(s) | | Michael Joseph Donovan — Clerk of Courts<br>Suffolk — County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO _HNTB Corporation_ (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Suffolk Superior_ Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _Suffolk Superior_ Court _3 Pemberton Sq. 12th Fl, Boston, MA 02108_ (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _10 High Street, Suite 401, Boston, MA 02110_

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a "**Motion to Dismiss**," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20 ___ . (Seal)

Clerk-Magistrate _[signature]_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_Attorney Mark Tatum, Esq. accepted service of summons and complaint. ~~Signature below~~._

Dated: _____          Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY

| | |
|---|---|
| JOANNE WALSH<br><br>    Plaintiff,<br>v.<br><br>HNTB CORPORATION<br><br>    Defendant | SUPERIOR COURT<br><br>CIVIL ACTION NO. 2284CV00455 |

## ACCEPTANCE OF SERVICE OF PROCESS ON BEHALF OF THE DEFENDANT IN THE ABOVE NAMED ACTION

On the 17th day of March, 2022, I, Mark C. Tatum, Esq. of Shook, Hardy & Bacon L.L.P., 2555 Grand Blvd, Kansas City, MO 64108, being duly authorized, hereby accept service of the Summons and Complaint in the above captioned matter, on behalf of Defendant HNTB Corporation by receiving an electronic copy of said Summons and Complaint via email at mtatum@shb.com. All defenses of every type and description, excepting adequacy of service, are preserved.

/s/ Mark C. Tatum
Mark C. Tatum, Esq.

# END OF DOCUMENT

1